THE COURT: All right. The motion to dismiss by the Commissioner of Environmental Protection is granted. The Court finds the plaintiff has no standing to bring a 22a-16 action to challenge either the transfer of the permit, the validity of the emergency authorization, or the validity of the extension of the underlying 1992 permit with the expiration date of 1997.
The Court feels constrained by the case of Fish Unlimited by Northeast Utility Service Company at 254 Conn. 21, Fish Two, to enter the following ruling:
There's no question that that case requires the holding that the 22a-16
action brought by plaintiff cannot be brought in an area, expressly placed in an area that is within the exclusive domain of the Commissioner of Environmental Protection.
Counsel for the plaintiffs argues that 22a-18 and 22a-20 somehow change the supreme court's holding in Fish Two. But the Court disagrees. 22a-19
and — strike that.
22a-18 and 22a-20 simply provide what the authority of the Court is in22a-16 actions. With respect to the motions to dismiss filed by the other two defendants, they are also granted.
The Court notes that there's no evidence of an attempt to intervene in the emergency authorization process that culminated in an October 2000 emergency authorization permitting the present discharge. But the Court is not deciding the issue of whether that is or is not a, quote, "proceeding," close quote, into which intervention is a matter of right.
The Court holds that the commissioner was — well, the Court doesn't hold, because it's not necessary to hold, but the Court notes that the Commissioner was correct in denying intervention into the registration process, that is the transfer of the existing permit. The legislature has provided neither in 22a-16, nor anywhere else, any appeal from that action by the Commissioner. CT Page 10443-bq
With respect to the challenges to the validity of the 1992 permit and its extension and the emergency authorizations, the Court finds and holds that plaintiffs lack standing to bring a 22a-16 action in this proceeding or in this area which is committed by the legislature to the exclusive domain of the Environmental Protection Commissioner.
There's an administrative process which the plaintiff has not shown to be futile which is in process right now, which process may result in the various results that plaintiff desires. And if plaintiff is unsuccessful at public hearing in preventing the licensing of the plants at Millstone, plaintiff has an administrative appeal, and that is plaintiffs' access to the Courts.
Contrary to plaintiffs' argument, the statutory scheme is logical, straightforward, and uncomplicated. 22a-16 actions are not available where the Commissioner of Environmental Protection has the responsibility to act.
When the Commissioner of Environmental Protection acts, there's an administrative appeal from that. There's still, the Court opines, no 22a-16
action after action by the Commissioner, should the Commissioner issue a permit to Millstone.
But for the present time, plaintiff has not exhausted the existing administrative remedy, that is the permitting process. And as I said before, plaintiff has offered no evidence or support to credit or show that that process is in any way futile. Therefore, the Exceptions to the Exhaustion of Administrative Remedies Doctrine applies.
Similarly as I said before, standing is not there. So for those reasons, the Court grants the motion to dismiss this case. And we will stand adjourned.
(Court adjourned 4:30 p.m.)
Joseph Q. Koletsky, Judge
 CERTIFICATION
I, Elaine S. Wiltsie, Certified Court Reporter, do hereby certify that the within and foregoing is a true and correct transcription of the stenographic notes taken in the matter of CONNECTICUT COALITION versus CONNECTICUT ENVIRONMENTAL DEP, heard before the Honorable Joseph Q. Koletsky, a Judge of the Superior Court in the Judicial District of New London at Norwich on the 19th day of July 2001. CT Page 10443-br
Elaine S. Wiltsie Certified Court Reporter